IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

AUG 17 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

BEAR CREEK TECHNOLOGIES, INC.,

      Plaintiff,

v.

                                    CIVIL ACTION NO. 2:11cv103

RCN COMMUNICATIONS, et al.,

      Defendants.

## *MEMORANDUM OPINION AND ORDER*

Before the Court are Defendants Vonage Holdings Corporation, Vonage America, Inc., and Vonage Marketing LLC's (collectively "Vonage") Motions to Sever and Transfer Plaintiff's Claims Against Vonage; Defendants Comcast Corporation, CSC Holdings, LLC, Time Warner Cable, Inc., Charter Communications, Inc., Mediacom Communications Corp., Mediacom Broadband, LLC, Cox Communications, Inc., Cox Virginia Telecom, LLC and Bright House Networks, LLC's (collectively "Cable Defendants") Motions to Dismiss or in the alternative to Sever and Transfer Venue; Defendant T-Mobile USA, Inc.'s ("T-Mobile") Motions to Sever and Transfer Plaintiff's Claims; and Defendant 8x8 Inc.'s ("8x8") Motions to Sever and Transfer Plaintiff's Claims.[1]

---

[1] The Court notes that 8x8's motions are not yet ripe; however, the Court includes the motion for the sake of completeness. The Court also notes Plaintiff's Opposition to 8x8's Motions to Sever and Transfer Venue, filed August 16, 2011. In its Opposition, Plaintiff reasserts its arguments for joinder as previously articulated in the August 12, 2011 hearing.

Also before the Court are Defendant AT&T Inc.'s (AT&T) Motion to Dismiss for lack of personal jurisdiction; Defendant BellSouth Telecommunications, Inc.'s ("BellSouth") Motion to Dismiss for lack of personal jurisdiction; Defendant CSC Holdings, LLC's ("CSC") Motion to Dismiss for lack of personal jurisdiction; and Defendant Qwest Communications International, Inc.'s ("QCII") Motion to Dismiss for lack of personal jurisdiction.[2] The Court also has before it Defendants Vonage, Primus Communications, Lingo Inc., Aptela Inc., SBC Internet Services, 8x8, Verizon Communications, Inc., and Qwest Communications Company's Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Before reaching any of the asserted motions, the Court first addresses the issue of misjoinder both *sua sponte* and as alleged by those defendants that have moved the Court for severance. This Memorandum Opinion and Order, therefore, addresses the issue of misjoinder and disposes of Defendants' other motions as necessary.

## I. FACTUAL AND PROCEDURAL HISTORY

On February 22, 2011, Plaintiff filed a complaint against twenty-three corporate entities alleging direct infringement of United States Patent No. 7,889,722 (the '722 patent) pertaining to Voice Over Internet Protocol enabling technologies (VoIP), pursuant to 35 U.S.C. § 271 *et seq*. On April 26, 2011, Plaintiff filed an amended complaint which added 500 "John Doe" defendants as well as claims for indirect and willful patent infringement.

---

[2] All Defendants' motions to dismiss for lack of personal jurisdiction arise under to Rule 12(b)(2) of the Federal Rules of Civil Procedure ("Rule 12(b)(2)").

As previously referenced, Defendants have filed a series of motions for consideration by the Court. After reviewing all of the parties briefs and written pleadings, the Court conducted a hearing on August 12, 2011 to better understand the parties' positions on each of these matters. After hearing oral argument on the motions to dismiss for lack of personal jurisdiction, the Court addressed the issue of misjoinder, pursuant to Rule 21 of the Federal Rules of Civil Procedure. Having reviewed the pleadings and conducted a hearing, the matter is ripe for disposition.

## II. LEGAL STANDARD

Rule 20 of the Federal Rules of Civil Procedure ("Rule 20") states that defendants may be joined in one action if "(a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, *and* (b) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (emphasis added). In the event of improper joinder, Rule 21 the Federal Rules of Civil Procedure ("Rule 21") provides the court with discretion to add or drop a party or to sever any claim against a party for just terms. Fed. R. Civ. P. 21 ("[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). There is no specific standard for misjoinder and district courts possess broad discretion in ruling on such motions under Rule 21. *Colt Def. LLC v. Heckler & Koch Def.*, No. 2:04-cv-258, 2004 U.S. Dist. LEXIS 28690, at \*9 (E.D. Va. Oct. 22, 2004); *see Weaver v. Marcus*, 165 F.2d 862, 864 (4th Cir. 1948) (stating that courts can exercise discretion in determining whether to drop a party under Rule 21 and indicating that "the exercise of such discretion by the District Judge can be reversed on appeal only when there has been a clear abuse thereof"). However, "courts have uniformly held that parties are misjoined when they fail to

3

satisfy either of the preconditions for permissive joinder of parties set forth in [Rule] 20a."
*Hanna v. Gravett*, 262 F. Supp. 2d 643, 647 (E.D. Va. May 13, 2000).

## III. DISCUSSION

Several defendants have moved for severance alleging that Plaintiff has not properly joined the parties in this case under Rule 20 of the Federal Rules of Civil Procedure ("Rule 20"). Specifically, these defendants allege that the patent infringement claims asserted by Plaintiff do not "aris[e] out of the same transaction, occurrence or series of transactions or occurrences" because the defendants are separate unrelated corporate entities with different technologies and practices. *See* Fed. R. Civ. P. 20. In light of the fact that only some of the named defendants have explicitly raised the issue of misjoinder, the Court raises the issue *sua sponte*, pursuant to Rule 21.[3]

Given that the same claims of the '722 patent are at issue for all of the Defendants, there is little doubt that common questions of law will arise in this action. Therefore, the Court's decision turns on whether Plaintiff's joinder satisfies the Rule 20 "same transaction or occurrence" requirement. Plaintiff asserts that the Defendants "each [] provide[] a VoIP service containing the specific elements that infringe the '722 patent," and therefore their alleged infringing acts arise from the same set of transactions. Pl. Opp. to Cable Defendants Mot. to Sever and Transfer (Dkt. # 294) at 12. Furthermore, Plaintiff asserts that any differences among the Defendants are immaterial to the infringement action because each of the Defendants infringes upon the same claims of the patent in the same ways. In support of its position,

---

[3] The Court will now refer to all of the defendants, except RCN Communications, collectively as "Defendants."

4

Plaintiff cites a number of district court cases from the Fifth Circuit indicating that joinder is proper in patent infringement cases where there are allegations concerning the same patent. *See e.g., Alford Safety Servs., Inc. v. Hot-Head, Inc.,* C.A. No. 10-1319, 2010 WL 3418233, at *10 (E.D. La. Aug. 24, 2010) (internal citations omitted).[4]

The respective Defendants assert that the acts alleged in this case do not arise from the same transaction, occurrence or series of transactions or occurrences and, consequently, do not fulfill the requirements for joinder. In support of this position, Defendants argue that they are each separate and independent companies with different technological platforms and systems that operate in completely different ways.[5] Furthermore, Defendants, respectively, assert that their right to a defense will be compromised if the Court allows joinder because they will not have adequate opportunity to present independent evidence related to their specific systems and technologies.[6] In support of their respective positions, Defendants cite an array of district court cases holding that such claims of patent infringement against unrelated, and often competing, defendants does not fulfill the Rule 20 same transaction or occurrence requirement. *See e.g., WIAV Networks, LLC v. 3Com Corp.,* No. C 10-03448, 2010 WL 3895047 at *2 (N.D. Cal Oct. 1, 2010) ("proof of infringement would necessarily require proof of facts specific to each

---

[4] As Plaintiff now claims not to rely on such rationale as support for joinder in this case, the Court will not analyze Plaintiff's claims under this rationale. Tr. 39-40.

[5] For example, the list of named defendants includes cable television providers (e.g., RCN, Cox Communications, Cablevision, etc.), internet and telephone service providers (e.g., T-Mobile, Verizon and AT&T) and Voice Over Internet Protocol ("VoIP") product and service providers (i.e., Vonage).

[6] Defendants also argue that maintaining the case as filed will likely lead to jury confusion as each Defendant attempts to explain their products and argue their own distinctions from the '722 patent.

individual defendant ant to each accused product. The mere fact that twelve defendants all manufacture, sell, or distribute their own laptop computers does nothing to obviate the bone-crushing burden of individualized methods of proof unique to each product. Again, there is no conspiracy claim. There is no claim that any defendant induced another to infringe.); *Colt Def. LLC v. Heckler & Koch Def.*, No. 2:04-cv-258, 2004 U.S. Dist. LEXIS 28690, at *11-12 (E.D. Va. Oct. 22, 2004); *Philips Elecs. N. Am. Corp. v. Contec. Corp*, 220 F.R.D. 415, 417-18 (D. Del. Mar. 12, 2004); *Androphy v. Smith & Nephew, Inc.*, 31 F.Supp.2d 620, 623 (N.D. Ill. Dec. 23, 1998); *New Jersey Machine, Inc. v. Alford Indus. Inc.*, 1991 WL 340196 at *1 (D.N.J. Oct. 7, 1991), *aff'd*, 983 F.2d 1087 (Fed.Cir.1992)).

The United States Court of Appeals for the Fourth Circuit has stated that the transaction or occurrence test of Rule 20 "permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Saval v. BL LTD*, 710 F.2d. 1027, 1031 (4th Cir. 1983) (internal citations omitted). It has also articulated Rule 20's purpose, "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Id.* (internal citations omitted). The United States Court of Appeals for the Fourth Circuit has not yet articulated a specific standard for the joinder of multiple defendants in a patent infringement action; however, several courts in the Eastern District of Virginia have interpreted the *Saval* standard within the context of other cases, including infringement claims. *See e.g., Colt Def. LLC v. Heckler & Koch Def., Inc.*, No. 2:04-cv-258 at *7-8 (E.D. Va. 2004);[7]

---

[7] In *Colt Defense LLC v. Heckler & Koch Defense, Inc.*, the court considered whether to sever the claims against the defendants Heckler & Koch and Bushmaster. Although plaintiff alleged trademark infringement, unfair competition and unfair advertising against both defendants, the court concluded that the plaintiff's claims were "premised on independent acts of infringement, false advertising and unfair competition." *Colt Def. at *12.* The court further

*Advamtel, LLC v. AT&T Corp.*, 105 F. Supp. 2d 507, 513-15 (E.D. Va. 2000).

During the August 12, 2011 hearing, the Court asked the Plaintiff to further articulate its position on how the Defendants' actions arise from the same transaction or occurrence.[8] Given that RCN Corporation ("RCN") was the first named Defendant, the Court inquired about how the joined defendants and their products related to RCN and its alleged infringing product. During the Court's inquiry, Plaintiff's counsel admitted the following: 1) none of the joined defendants are providing, using, selling or marketing RCN's alleged infringing product (*see Colt Def.* at *13-14; *Cont'l Datalabel, Inc. v. Avery Dennison Corp.*, No. 09 C 5980, 2009 WL 4015473, at *1 (N.D. Ill. Nov. 19, 2009)); 2) none of the joined defendants are affiliates, subsidiaries, or in any way related to RCN (*see ThermaPure v. Temp-Air, Inc.*, No. 10-cv-4724, 2010 WL 5419090, at *3-5 (N.D. Cal. Dec. 22, 2010)); 3) none of the companies are in any type of business or legal relationships with RCN (*see Sorensen v. DMS Holdings, Inc.*, No. 08-cv-559, 2010 WL 4909615,

---

explained that the fact that the plaintiff accused both defendants of "identical acts of infringement and of attempted 'genericide' focuses not on whether the claims set forth in the complaint arise from the same transaction of occurrence, but rather on whether common questions of fact or law exist" and that such common questions alone were insufficient under Rule 20. *Id.* at *13-14. The court then concluded that the plaintiff failed to show that one defendant's alleged acts of infringement, false advertising and unfair competition were in any related to the alleged acts committed by the other defendant. Consequently, the court held that the claims against the separate defendants did not satisfy the same transaction or occurrence test under Rule 20.

[8] Before engaging in its inquiry as directed to all of the named defendants in this case, the Court first asked Plaintiff's counsel if it had conducted a pre-filing investigation as required by Rule 11 of the Federal Rules of Civil Procedure. *See Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1301-02 (Fed. Cir. 2004). Plaintiff indicated that it had conducted such inquiry. The Court then dismissed Defendants John Does 1-500 on the grounds that Plaintiff could not have fulfilled the requirements of Rule 11 as to those defendants given that they could not name the alleged infringer or the alleged infringing products, let alone conduct the required infringement analysis comparing the accused devices with the claims of the patent. *See id.* at *1302-03.

at *1 (S.D. Cal Nov. 24, 2010)); 4) none of the defendants are acting in concert (e.g., in an agreement or joint venture) to infringe the '722 patent (*see Colt Def.* at *14; *Naschem Co., Ltd. v. Blackswamp Trading Co.*, No. 08-cv-730, 2009 WL 1307865, at *2-3 (W.D. Wis. May 8, 2009); *Philips Elecs. N. Am. Corp.*, 220 F.R.D. at 418);[9] and 5) that all of the defendants are competitors (*see Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10 C 1101, 2010 WL 3516106 at *2 (N.D. Ill. Sept. 1, 2010) ("joinder is often improper where two competing businesses have allegedly infringed the same patent by selling different products.")). *See* Tr. 29-35. Despite these admissions, Plaintiff argues its position that even though the defendants are unrelated companies that differ in how they implement the technology, all of them have a common scheme of activity because they are all participating in a new generation of technology which Plaintiff refers to as the "hybrid network." Tr. 32.

In support of its joinder arguments, Plaintiff attempts to analogize Defendants' operations to that of the plaintiffs in *Advamtel* by asserting that all of the defendants are providing the same service and that such services interconnect with each other and interconnect with a common network. However, the Court finds this analogy unpersuasive. In *Advamtel, LLC v. AT&T Corporation*, the court considered a collection action brought by sixteen competitive local exchange carriers against two long distance carriers, Sprint and AT&T. All of the local exchange carriers essentially routed calls to the respective defendants when one of their customers attempted to make a long distance call. Defendant AT&T moved the court to sever the claims and parties alleging that neither the plaintiffs' claims nor the claims against defendants Sprint

---

[9] Defendant does argue that Defendants acts are inter-related. The Court will address such arguments later in the opinion.

and AT&T arose out of the "same transaction, occurrence, or series of transactions or occurrences" as required by Rule 20(a). *Advamtel LLC v. AT&T Corp.*, 105 F. Supp. 2d 507, 513 (E.D. Va. 2000). The court concluded that the joinder of the plaintiffs' claims was appropriate because all of the claims for collection "arose from long-distance calls that were [continuously] routed from plaintiffs' local networks to AT&T's and Sprint's long-distance networks." *Id.* at 514. In finding that the plaintiffs' acts were reasonably part of the same series of transactions or occurrences, the court noted the continuous nature of the call routing on all of the plaintiffs' networks and the fact that all of the calls were routed on the local carriers' networks in the same manner, thus preventing the long-distance carriers (i.e., the defendants) from being able to determine who was originating the call beforehand. *Id.* The court then concluded that routing the calls to two different long distance carriers was not the same series of transactions because the plaintiffs engaged in separate individual transactions between themselves collectively and each respective defendant. *Id.* at 515.

In this case, Plaintiff admits that Defendants are acting independently in operating the VoIP systems with the alleged infringing apparatuses. Nonetheless, Plaintiff suggests that the common new generation of technology, referred to as the "hybrid network" creates enough commonality to support joinder under Rule 20 because the companies allow people from different networks to make calls to each other, thus interconnecting with each other and because the defendants all allegedly comport to the same industry standards in providing their respective services. However the Court notes a clear distinction between this case and the plaintiffs in *Advamtel*. First, the nature of the claim in *Advamtel* was for fee collection based on the defendants' use of all of the plaintiffs' local networks to connect calls. Contrary to the plaintiffs

9

in *Advamtel* who were suing to collect fees for services provided by all of them, the Defendants in this case face allegations of patent infringement based on unrelated apparatuses that they each independently use to provide VoIP services.[10] Second, Plaintiff Bear Creek has provided no evidence indicating that the apparatuses used by the joined defendants are related to any alleged infringing activities of RCN as the company being joined or specifically to RCN's alleged infringing apparatus. Rather, all of the allegations asserted against each of the Defendants specifically relate to each respective defendant's use of their own alleged infringing product to give their own subscribers access to networks for making VoIP phone calls at the subscribers' premises. Am. Compl. ¶ 45. That is to say, the allegations of patent infringement arise from each defendant's individual provision of its own alleged infringing device to its own subscribers. The fact that subscribers can use the alleged infringing device to place calls to subscribers on other networks does not suggest that Plaintiff's apparatus infringement claims for one product arise from the same transaction or occurrence (or series of transactions or occurrences) as its apparatus infringement claims against other wholly unrelated defendants and their separately sold, used and marketed products. As such, Defendants are misjoined.

It is undisputed that the Defendants are independently owned and operated entities, and in some cases, direct competitors. Plaintiff has provided a preliminary infringement chart indicating that each defendant uses apparatus with the elements of the claims; however, Defendants have also provided evidence in the form of numerous declarations emphasizing the differences between the various defendant companies and their services. *See e.g.*, Lipoff Decl. ¶¶

---

[10] Bear Creek has stated that it is only alleging apparatus claims of infringement under the '722 patent.

6-12 (describing and highlighting key differences in the various system technologies employed by the cable companies, local exchange carriers, wireless telephone companies, and "over-the-top" services like Vonage). As Plaintiff admitted during oral argument, the Court need not rely on judicial economy in its decision when there is not sufficient commonality amongst the Defendants. *See* Tr. 40. The Defendants are not related entities, they do not sell, market or use RCN's alleged infringing product, nor are there any legal or business relationships amongst Defendants to indicate that they are acting in connection with RCN to infringe the '722 patent. In light of these facts, Plaintiff's asserted claims do not "arise from the same transaction, occurrence, or series of transactions or occurrences" as required for proper joinder. Consequently, the Court **FINDS** that Plaintiff Bear Creek has failed to meet the requirements of Rule 20(a) in joining all of the additional defendants to this case.

## IV. CONCLUSION

For the reasons set forth above, all Defendants other than RCN Corporation are **DROPPED** from this case, pursuant to Rule 21 of the Federal Rules of Civil Procedure. Consequently, Defendants' Vonage, T-Mobile and 8x8's Motions to Sever and Transfer; Cable Defendants' Motions to Dismiss or Sever and Transfer Venue; Defendants AT&T, BellSouth, CSC and QCII's Motions to Dismiss for lack of personal jurisdiction; and Defendants Vonage, Primus Communications, Lingo Inc., Aptela Inc., SBC Internet Services, 8x8, Verizon Communications, Inc., and Qwest Communications Company's Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure are **MOOT**.

11

The Court **DIRECTS** the Clerk to send copies of this Order to counsel of record.

**IT IS SO ORDERED.**

Raymond A. Jackson
**United States District Judge**

Norfolk, Virginia
August 17, 2011